## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**DAWN J. BENNETT**               )
5335 Wisconsin Ave., NW, Suite 501 )
Washington, DC 20015, and         )
                                  )
**DJ BENNETT HOLDINGS, LLC**      )
5335 Wisconsin Ave., NW, Suite 501 )
Washington, DC 20015,             )
                                  )
    Plaintiffs,               )           Civil Action No. 1:16-2283
                                  )
    v.                        )
                                  )
**GOOGLE, INC**.                  )
1600 Amphitheatre                 )
Mountain View, CA 94043           )
Serve: Corporation Service Company )
    1090 Vermont Ave., NW     )
    Washington, DC 20005,     )
                                  )
    Defendant.                )
_____)

## COMPLAINT
### (Defamation, Tortious Interference Contractual Relationships, Intentional Infliction Emotional Distress)

Plaintiffs Dawn J. Bennett (Bennett) and DJ Bennett Holdings, LLC (DJ Bennett), by and through their undersigned counsel, complain against Defendant Google, Inc., (Google) as follows.

## NATURE OF CASE

1.  This is an action by plaintiffs to recover compensatory and punitive damages from  Google, and related equitable relief, in connection with the posting

**1**

by Scott Pierson (Pierson) of a false and malicious blog on Google's internet network, and Google's acceptance, publication, and circulation of such blog, knowing it to be an unsubstantiated personal attack on plaintiffs, and submitted for the sole purpose of defaming plaintiffs and to cause severe financial harm by interfering with customer relationships and their professional and personal reputations in the business community.

## PARTIES

2.  Dawn J. Bennett is the principal owner and chief executive officer of DJ Bennett Holdings, LLC, a retailer of sports apparel with headquarters at 5335 Wisconsin Ave., NW, Suite 501, in the District of Columbia.

3.  Google is an American multinational technology company specializing in internet-related services and products that include online advertising, technologies, search, cloud computing, and software. Google runs more than a million servers around the world and processes over a billion search requests each day; it was the most visited website in the world in 2013.  Its headquarters are in Mountain View, CA.

## JURISDICTION AND VENUE

4.  Jurisdiction of this court exists under 28 U.S.C.§1332 in that the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.  Venue lies in the District pursuant to 28 U.S.C.

§1391, since DJ Bennett is a District of Columbia corporation, its headquarters are in the District, and the events giving rise to plaintiffs' causes of action occurred in the District.

## STATEMENT OF FACTS

5. D.J. Bennett makes substantial use of the internet to advertise its merchandise. Critical to its success is not only the quality of its merchandise but its reputation for reliability and fair dealing in the marketplace and in its relationship with its employees.

6. Pierson is the founder of The Executive SEO Agency based in Shelton, CN. He holds himself out to be an expert on Search Engine Optimization and Marketing (SEO) and as such able to substantially increase internet business by upgrading and otherwise improving client's websites and business techniques.

7. In March, 2013, Pierson contacted DJ Bennett, claiming to be able to improve its efficiency and productivity by upgrading its website. Based on his representations, DJ Bennett retained Pierson to improve its merchandising effort.

8. After a few months, it became was apparent that Pierson did not have the expertise he claimed: instead of upgrading DJ Bennett's marketing effort he interfered with it, increased costs, and caused substantial sales to be lost.  Pierson agreed to renegotiated his contract and accepted slightly less than $20,000 as full payment of the balance due under his original contract.

9. Pierson's final payment was mailed to him on October 13, 2013; it was returned by the post office as undeliverable, though the four previous payments were successfully sent to such address. Investigation determined that Pierson had moved out of his home, without notice, and was involved in bankruptcy proceedings.

10. In December, 2013, Pierson called Anderson McNeill, DJ Bennett's Vice President and General Merchandise Manager, complaining that he had not received his final payment. Mr. McNeill described Pierson as hysterical, emotionally distraught, and that he threatened to shut down DJ Bennett's website, saying "I know things, I can do things, and I will shut down your website. . . ." Mr. McNeill stated further that Pierson continued to rant and rage while he tried to explain to him that DJ Bennett had sent him the last payment to his home and it had been returned by the Post Office. Pierson gave Mr. McNeill another address, the last payment was sent there, and he cashed it.

11. As Pierson threatened to do, he created a blog which he called, "DJ Bennett-think-twice-bad business ethics" and submitted it to Google for publication on the internet. Among other things, the blog stated that "DJ Bennett, the luxury sporting goods company, did not pay its employees or contractors" and was "ruthlessly run by Dawn Bennett who also operated Bennett Group Financial Services."

**4**

12. Pierson's blog accused Dawn Bennett of inventing a lie that he had agreed to reduce his hours during the final phase of his project for DJ Bennett and then used it as justification for reducing his final invoice by $3,200." Pierson stated that his attorney had told him that "Dawn Bennett is essentially judgment proof" and that he now suspects that any small claim proceeding by Pierson to collect the money owed him would be uncollectible." "The only thing we have learned," Pierson states in his blog, "is that DJ Bennett owes thousands and thousands to many people." "So I urge you to think twice before giving your patronage to DJ Bennett.com." The blog concludes by stating: "The website is pretty, but the person running the show is quite contemptible."

13. Plaintiffs retained an attorney to try and persuade Pierson to remove the blog; he refused. Plaintiffs' counsel also contacted Google's General Counsel, and other senior corporate officers, asking them to drop Pierson's blog because it violated Google's Guidelines of what is appropriate material for inclusion in blogs. Moreover, as of May 23, 2016, not a single comment has been received in two years; Pierson was artificially maintaining his blog in a favorable position by using black-hat tactics, a practice universally condemned by the digital media industry, including Google, who continued, and continues, to publish Pierson's blog.

## STATEMENT OF CLAIMS

## COUNT 1: DEFAMATION

14. Plaintiffs adopt and incorporate by reference paragraphs 1-13.

15. A defamatory statement is one which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby encouraging others in the community from having a good opinion of, or from associating or dealing with that person. To determine whether Pierson's blog meets this standard, consideration must be given to what was stated, what was intended by the statement, and how it was likely to have been understood by those to whom it was communicated.

16. Pierson's blog clearly meets such standard: its language was purposefully designed to subject Dawn Bennett and DJ Bennett to public scorn, hatred, contempt, and ridicule and to severely damage and malign their professional and personal reputations in the market place and the general business community. The blog was circulated through Google so that it would have the broadest audience exposure possible.

17. Pierson's blog caused plaintiffs to lose the business of existing customers, prospective accounts have not materialized, several suppliers no longer do business with plaintiffs, or only on a cash basis, and bank and other credit sources are no longer available on favorable terms.  Plaintiffs has also lost highly

productive staff because of Pierson's false characterization of their financial stability as unsteady.

18. Google continued to carry Pierson's blog after plaintiffs' counsel repeatedly alerted it of the factual distortions and malicious intent of Pierson's blog and his abuse of the internet process to distort public interest in his blog.  Google therefore shares in the responsibility with Pierson in plaintiffs' financial damages.

19. Plaintiffs will show at trial that they have lost more than $3 million in actual and potential business revenue because of Google's publication of Pierson's blog, and separately, Dawn Bennett has suffered several times that amount in damages to her business and professional reputation.

## COUNT 2: TORTIOUS INTERFERENCE
## WITH BUSINESS RELATIONSHIPS

20.  Plaintiff adopts and incorporates by reference paragraphs 1-19.

21. Tortious interference with business relationships occurs where the tortfeasor acts to prevent the plaintiff from successfully establishing or maintaining business relationships. It also occurs when a third party intentionally interferes with existing or prospective business relationships, expectations, and economic advantages.

22. Elements of a tortious interference claim are a contractual or beneficial businesses relationship between two parties; knowledge of that relationship by a third party; intent of the third party to induce a party to the relationship to breach

the relationship; the contractual relationship is breached, or is prevented from developing; and damage results to the party against whom the breach occurred, or where a prospective business relationship does not develop or is lost.

23. Damages for tortious interference with business relationships include economic losses as well as punitive damages if the tortfeasor acted with a high degree of malice. Injunctive relief may also be available.

24. Pierson was privy to DJ Bennett's relationships with its customers and its efforts to increase that base.  His blog is a deliberate effort, and he admits this to be the case, to induce existing and prospective customers not to deal with DJ Bennett and Dawn Bennett, thereby causing them to suffer severe economic damages. Given the maliciousness of Pierson's intentions and his activities to such end, plaintiff are entitled to compensatory and punitive damages.

25. As Google was aware of plaintiffs' complaints that Pierson's blog was factually false and a malicious vendetta against them and meant to cause crippling financial damages, it is therefore equally responsible and liable for the damages plaintiffs' have suffered.

## COUNT 3: INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

26. Plaintiffs adopt and incorporate by reference paragraphs –1-25.

An action for intentional infliction of emotional distress lies when a person intentionally or recklessly causes another person to suffer emotional distress by

conduct that is extreme, outrageous, egregious, or otherwise exceeds the boundaries of decency. Compensatory and punitive damages are recoverable.

27. As shown, Pierson's blog intentionally and recklessly accuses DJ Bennett and Dawn Bennett of failing to pay employees and contractors and otherwise taking advantage of creditors and suppliers, and of being dishonest, contemptible and ruthless in business and personal dealings and relationships. Additionally, the blog states that plaintiffs owe thousands and thousands of dollars to others and warns that plaintiffs were to be avoided under all circumstances.

28. Pierson made sure his false and malicious blog would be available to the largest audience possible: the millions and millions of internet users. His refusal to take down his blog shows that his intent was not to right a wrong or protect the public, but to financially and personally destroy plaintiffs, and Google readily became a party to such effort by publishing the blog and continuing to do so after being made aware of its purpose.

29. Not only did Dawn Bennett lose substantial income and capital investment because of Google's refusal to drop Pierson's blog, she suffered severe physical and emotional distress because of such unprovoked attacks, and Google, as the publishing medium, is responsible with Pierson for her injuries as well as those suffered by her co-plaintiff DJ Bennett.

30. Accordingly, plaintiffs have established a cause of action for intentional infliction of emotional distress and compensatory and punitive damages are recoverable from Google.

## RELIEF REQUESTED

**WHEREFORE**, plaintiffs pray for judgment in their favor and against defendant Google, on all Counts as follows:

    (a)  Award of compensatory and actual damages suffered, plus interest, in the amount of $3 million or as otherwise established at trial;

    (b)  Award of punitive damages in the amount of $5 million or as otherwise established at trial;

    (c)  Award of costs of this suit, including reasonable attorney's fees and expert witness fees and expenses;

    (d)  Entry of an order requiring Google to take down Pierson's complained of blog and permanently enjoining Google from republishing it in any form; and

    (e)  An order granting plaintiffs such further relief as the Court deems just and reasonable in the circumstances.

## JURY DEMAND

Plaintiffs request a jury trial on all issues and claims.

Respectfully submitted,

/s/ Harry J. Jordan, Esq.
Harry J. Jordan, Esq. (DC Bar No. 047860)
1101 17th Street, NW, Suite 609
Washington, DC 20036-4718
(202) 416-0216

Counsel for Plaintiffs
DJ Bennett Holdings, LLC
Dawn J. Bennett

Dated: November 15, 2016

.

**12**