UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAWN J. BENNETT, et. al,<br><br>                     Plaintiffs,<br>v.<br><br>GOOGLE, INC.,<br><br>                     Defendant. | Civil Action No. 1:16-cv-02283 (TFH) |

## MEMORANDUM OPINION

This is a case brought by Plaintiffs Dawn J. Bennett ("Bennett") and DJ Bennett Holdings, LLC ("DJ Bennett") for three claims against Defendant Google, Inc. ("Google"): (1) defamation; (2) tortious interference with business relationships; and (3) intentional infliction of emotional distress. Pending before the court is Google's Motion to Dismiss Plaintiffs' Complaint with prejudice on the grounds that (1) Plaintiffs' claims are barred by the Communications Decency Act ("CDA") and (2) Plaintiffs' claims are barred by the statute of limitations. Plaintiffs have filed an opposition to the motion and Google a reply. The Court will grant Defendant's Motion to Dismiss.

**I.**

When the CDA was enacted, Congress found that "the rapidly developing array of Internet and other interactive computer services available to individual Americans represent an extraordinary advance in the availability of education and informational resources to our citizens." 47 U.S.C. § 230(a)(1) (2012). They wanted to preserve this development. *Id.* "The Internet and other interactive computer services have flourished, to the benefit of all Americans, with a minimum of government regulation." *Id.* § 230(a)(4). The CDA explicitly states that "[i]t

1

is the policy of the United States . . . to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation." *Id.* § 230(b)(2). Most importantly here, ". . . Section 230(c) of the [CDA] commands that '[n]o provider or user of an interactive computer service[1] shall be treated as the publisher or speaker of any information provided by another information content provider.[2]" *Klayman v. Zuckerberg*, 753 F.3d 1354, 1356 (D.C. Cir. 2014) (quoting 47 U.S.C. § 230(c)(1)). The language of the CDA showcases that "Congress 'made the legislative judgment to effectively immunize providers of interactive computer services from civil liability in tort with respect to material disseminated by them but created by others.'" *Ramey v. Darkside Prod., Inc.*, No. 02-730 (GK), 2004 WL 5550485, at *5 (D.D.C. 2004) (quoting *Bluementhal v. Drudge*, 992 F. Supp. 44, 49 (D.D.C. 1998)).

"Preemption under the [CDA] is an affirmative defense, but it can still support a motion to dismiss if the statute's barrier to suit is evident from the face of the complaint." *Klayman*, 753 F.3d at 1357. To warrant dismissal of Plaintiffs' Complaint, three prongs of Section 230(c)(1) must be satisfied: (1) if [Defendant] qualifies as an interactive computer service; (2) if the complaint states that the objected-to information was provided by third party users and not [Defendant]; and (3) if the Complaint seeks to treat the Defendant as a publisher of the content. *See, e.g., Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014) (applying this three prong test to Defendant Facebook and finding that under 47 U.S.C. § 230 the Complaint must be dismissed when all three prongs were satisfied).

---

[1] "The term 'interactive computer service' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions." 47 U.S.C. § 230(f)(2) (2012).

[2] "The term 'information content provider' means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. § 230(f)(3) (2012).

2

First, it has long been held across jurisdictions that Google qualifies as an interactive computer service under Section 230(c)(1). *See, e.g., Parker v. Google, Inc.*, 422 F. Supp. 2d 492, 501 (E.D. Pa. 2006), aff'd 242 Fed. Appx. 883 (3d Cir. 2007) (there is "no doubt that Google qualifies as an 'interactive computer service' and not as an 'information content provider'" as "Google either archived, cached, or simply provided access to content that was created by a third party."); *Rosetta Stone Ltd. v. Google, Inc.*, 732 F. Supp. 2d 628, 632 (E.D. Va. 2010), aff'd, 676 F.3d 144 (4th Cir. 2012) (same); *Jurin v. Google, Inc.*, 695 F. Supp. 2d 1117, 1122-23 (E.D. Cal. 2010) (same); *Langdon v. Google, Inc.*, 474 F. Supp. 2d 622, 630-31 (D. Del. 2007) (same). Furthermore, Plaintiffs do not dispute that Google qualifies as an interactive computer service. Plaintiffs' Opposition to Defendant's Motion to Dismiss at 4-5, *Bennett v. Google, Inc.*, No. 1:16-cv-02283-TFH (D.D.C. Jan. 26, 2017). Ultimately, the first prong under Section 230(c)(1) is satisfied.

Secondly, it is undisputed that Scott Pierson, a third party, wrote the blog about Plaintiffs thereby satisfying the second prong under Section 230(c)(1). *See* Complaint at 1-2, *Bennett*, No. 1:16-cv-02283-TFH. In *Klayman*, the D.C. Circuit dismissed the complaint where liability rested on "information provided by another within the meaning of Section 230(c)(1)." 753 F.3d at 1358 (dismissing the complaint where plaintiff alleged that Facebook's delay in removing a Facebook page constituted intentional assault and negligence). The Complaint states that Pierson provided the blog "DJ Bennett-think-twice-bad business ethics" and not Google. Complaint at 4, *Bennett*, No. 1:16-cv-02283-TFH. Further, the Complaint does not allege that Google provided any editorial oversight. Therefore, under Section 230(c)(1), the second prong is satisfied as Google cannot be treated as the publisher of any information that Pierson provided.

The third prong is satisfied as Plaintiffs aim to hold Google liable as the publisher of the content. Complaint at 8, *Bennett*, No. 1:16-cv-02283-TFH ("As Google was aware of plaintiffs' complaints [of] . . . Pierson's blog . . ., it is therefore equally responsible and liable for the damages plaintiffs' have suffered.")

To salvage their claim, Plaintiffs attempt to argue that a novel issue is presented in this case which requires the court to deny the Defendant's Motion to Dismiss. Plaintiffs state "[b]ut what courts have not fully addressed is where a service provider, such as Google, adopts definitive prohibitions regarding the content of third party user material, and does not enforce them . . . [what is] the impact of such failure on Section 203(c) immunity." Plaintiffs' Opposition to Defendant's Motion to Dismiss at 5, *Bennett*, No. 1:16-cv-02283-TFH. Simply, ". . . does it create such an obligation for itself if it adopts guidelines of what it deems objectionable content and fails to follow through by enforcing such standards?" *Id.* The answer is "no," and thus Defendant's Motion to Dismiss must still be granted. *See Klayman*, 753 F.3d at 1359-60 (discussing that the CDA bars claims arguing that service providers must be held to a heightened duty of care based on adoption of any statements allocating rights and responsibilities between interactive computer services and their users). "It would be impossible for service providers to screen each of their millions of postings for possible problems." *Zeran v. America Online, Inc.*, 129 F.3d 327, 331 (4th Cir. 1997). Furthermore, holding Google liable for establishing standards and guidelines would ultimately create a powerful disincentive for service providers to establish any standards or ever decide to remove objectionable content, which the CDA was enacted to prevent. *See Bluementhal*, 992 F. Supp. at 52.

## II.

As the Court grants Defendant's Motion to Dismiss under its first argument regarding the CDA barring Google from liability in this scenario, the Court will not consider the Defendant's second argument regarding the statute of limitations of the claims.

## **CONCLUSION**

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss Plaintiffs' Complaint.

June 2nd, 2017

Thomas F. Hogan
Senior United States District Judge